COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:        Edwin K. Hunter and Hunter, Hunter & Sonnier, LLC v. Preston
                            Marshall, Individually and Rusk Capital Management, L.L.C.

Appellate case number:   01-16-00636-CV

Trial court case number:  2015-35950

Trial court:                 11th District Court of Harris County

On February 16, 2018, we granted appellees' "Unopposed Motion for Continuance of Oral Argument," which was scheduled for February 21, 2018, in order for the parties to "complete the appellate record in accordance with this Court's February 15, 2018 order." We requested, within 30 days of our order, that the parties file a report advising the Court of the status of the proceedings to supplement the clerk's record with certain in-camera exhibits.

On March 16, 2018, the parties filed a "Joint Status Report Regarding In Camera Exhibits," advising the Court that the proceedings in the trial court to supplement the clerk's record with the in-camera exhibits were ongoing.

On April 20, 2018, the parties filed a "Joint Status Report Regarding the Status of Proceedings to Supplement the Clerk's Record with the In Camera Exhibits," advising the Court that "[a]ppellees had requested a supplemental clerk's record containing the pertinent documents" and that the trial court clerk had advised them "that the supplemental record w[ould] be filed by May 3, 2018."

On May 10, 2018, the trial court clerk filed with this Court a supplemental clerk's record, containing the trial court's "Order on Plaintiffs' Unopposed Motion to Seal Court Records Reviewed In Camera." In its order, the trial court sealed certain documents filed with it in camera and ordered that the sealed documents "not become public or be disclosed to any person, . . . not be included in the public records of th[e] case, and . . . not be otherwise disclosed or permitted to come into the possession, control, or knowledge of any person other than the attorneys of records in th[e] case, experts, . . . staff of the parties' attorneys, certified court reports and their staffs, and the personnel of the Court."

The May 10, 2018 supplemental clerk's record also contains appellees' "Request for Supplemental Clerk's Record," which requested that the trial court clerk include, *inter alia*, in its record, the "Stipulation Regarding Lost or Destroyed Clerk's Record including the replacement in

camera exhibits that were hand delivered to the Court. These exhibits should be delivered to the Court of Appeals under seal." Despite this request, the trial court clerk noted in its supplemental clerk's record that the "exhibits [could not] be included in the clerk's record because they are not available in [the] trial clerk case file." Accordingly, we directed the parties to cause the trial court clerk to prepare and file a supplemental clerk's record containing the in-camera exhibits and any pertinent trial court orders or file a report advising this Court of the status of proceedings.

On June 6, 2018, the parties filed a "Joint Status Report Regarding the Status of Proceedings to Supplement the Clerk's Record with the In Camera Exhibits," advising the Court that "the clerk of the 11th Judicial District Court" and "the post-trial clerk" were proceeding with "the process for making the documents available to be included in the record." Counsel further advised that appellees' counsel would request preparation of a supplemental clerk's containing the in-camera exhibits and any additional trial court orders regarding the documents.

Accordingly, we direct the parties, no later than **20 days** from the date of this order, to cause the trial court clerk to prepare and file a supplemental clerk's record containing the in-camera exhibits and any pertinent trial court orders or file a report advising this Court of the status of proceedings to supplement the clerk's record with the in-camera exhibits.

The appeal remains abated, treated as a closed case, and removed from this Court's active docket. Upon reinstatement of the appeal on the Court's active docket, the case will be set for submission at a later date.

It is so ORDERED.

Judge's signature: /s/ Terry Jennings
☑ Acting individually     ☐ Acting for the Court


Date: June 19, 2018